**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Brian HOLMES, Defendant–Appellant.**

**No. 11–40213**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 30, 2012.

---

Randall Lynn Fluke, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

William Michael Laird, Law Offices of W. Mike Laird, Beaumont, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM: *

Brian Holmes was convicted after a jury trial of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana; two counts of interstate travel in aid of a racketeering activity, and possession with intent to distribute 1,000 kilograms or more of marijuana (count nineteen). The district court sentenced him to a total of 210 months of imprisonment and a five-year term of supervised release.

Holmes challenges the special verdict form presented to the jury that asked them to determine separately his guilt of the conspiracy offense and the amount of the marijuana that was the subject of the conspiracy. He argues that the form was misleading because it suggested that the amount of marijuana involved in the conspiracy was directly attributable to him. Holmes asserts that the form effectively required the jury to find that he was responsible for more than 1,000 kilograms and created an unfair advantage for the Government. To the extent that Holmes seeks to assert similar challenges with respect to the special verdict form presented in connection with his possession offense, he has waived any such challenges by failing to brief the issue. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Holmes did not challenge the special verdict form presented to the jury, his argument is reviewed for plain error. *See United States v. Betancourt*, 586 F.3d 303, 305–06 (5th Cir.2009); FED.R.CRIM.P. 30(d). To show plain error, Holmes must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Holmes's complaints regarding the special verdict form do not reveal any reversible error. The form advised the jury that its determination of Holmes's guilt of the conspiracy offense was bifurcated from its finding regarding the quantity that was the subject of the conspiracy. The form, which asked the jury to make the appropriate finding necessary to adjudicate Holmes's guilt (i.e., the amount of marijuana that was involved in the whole conspiracy), set forth that the quantity element was a separate determination to be made only if the jury found Holmes guilty; the form described the conspiracy offense without setting forth a quantity element—an indication to the jury that it was not required to find that the Government proved any particular quantity. The record shows that the special verdict form, which was consistent with a special question that we have held permissible and was consonant with the Fifth Circuit Pattern Jury Instructions, was not anomalous. *See United States v. Arnold*, 416 F.3d 349, 353, 358 (5th Cir.2005); Fifth Circuit Pattern Jury Instructions (Criminal), Instruction No. 2.89 (Note). Because the special verdict form asked the jury to calculate only the amount of marijuana involved in the conspiracy, there is no indication that use of the form affected the amount of marijuana attributed to Holmes directly. Even if the form caused the jury to wrongly impute to Holmes the amount of marijuana involved in the conspiracy, he has not shown an effect on his substantial rights because the evidence established his accountability for at least the amount attributable to the entire conspiracy. *See Puckett*, 556 U.S. at 135, 129 S.Ct. 1423.

■ Holmes also contends that the evidence presented at trial was insufficient to sustain his conviction for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. He argues that he was responsible for only the acts that occurred while he was a member of the conspiracy and that there was no reliable evidence regarding the amount of marijuana involved with the conspiracy during his participation in it. Because Holmes moved at the close of all evidence for a directed verdict, he preserved the instant issue for appellate review, and his challenge to the sufficiency of the evidence is reviewed de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir.2009). We view the evidence in the light most favorable to the verdict and will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir.2008).

To obtain a conviction for conspiracy to possess a controlled substance, the Government must establish that (1) two or more people entered an agreement to violate the narcotics laws; (2) the defendant had knowledge of the agreement; and (3) the defendant voluntarily participated in the conspiracy. *United States v. Patino–Prado*, 533 F.3d 304, 309–10 (5th Cir.2008). To trigger the enhanced penalties pursu-

ant to 21 U.S.C. § 841(b)(1)(A), the Government also had to demonstrate that the conspiracy involved at least the threshold drug quantity, which, in this case, is 1,000 kilograms or more of marijuana. *See* § 841(b)(1)(A); 21 U.S.C. § 846; *United States v. Turner,* 319 F.3d 716, 722–23 (5th Cir.2003). Holmes contends only that there was insufficient evidence that the conspiracy involved at least 1,000 kilograms of marijuana during his participation in it.

The jury reasonably could have found that the conspiracy involved more than 1,000 kilograms of marijuana during the period of Holmes's participation in it. Specifically, there was testimony from Holmes's co-conspirators that he transported two loads of marijuana from Texas to Georgia and that the amount of marijuana contained in each of those loads was at least 1,500 kilograms. Holmes has not shown that his co-conspirators' testimony regarding the amount of marijuana involved in his loads was incredible or facially insubstantial. *See United States v. Singer,* 970 F.2d 1414, 1419 (5th Cir.1992). Moreover, there was evidence presented at trial that Holmes enabled the attempted delivery of a load in excess of 1,000 kilograms of marijuana in furtherance of the conspiracy; the co-conspirator involved in the load pleaded guilty to possession with intent to distribute more than 1,000 kilograms of marijuana, and the factual basis in support of his plea, which stated that the amount of the load was roughly 2,950 kilograms, was introduced at trial. The jury therefore could have found that the amount of marijuana in the conspiracy during Holmes's involvement exceeded 1,000 kilograms based solely upon the conduct of his co-conspirator. *See generally Pinkerton v. United States,* 328 U.S. 640, 645, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (holding that a conspirator can be found guilty of a substantive offense committed

by a co-conspirator and in furtherance of the conspiracy). Thus, viewing the evidence in the light most favorable to the verdict, the jury reasonably could have found that the conspiracy involved at least 1,000 kilograms. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *Percel,* 553 F.3d at 910.

■ Holmes further argues that his rights under the Confrontation Clause were violated because the Government did not present testimony from the agent who weighed the marijuana seized from his co-conspirator. He asserts that the Government presented the weight of the marijuana through testimonial hearsay of a Drug Enforcement Administration (DEA) agent who did not personally weigh the marijuana. Holmes argues that the DEA agent's testimony about the weight of the marijuana was testimonial hearsay that prejudiced his defense. Because Holmes did not raise a Confrontation Clause issue at trial with respect to the DEA agent's testimony, this claim is reviewed for plain error only. *See United States v. Acosta,* 475 F.3d 677, 680–81 (5th Cir.2007).

Even if the DEA agent's testimony about the weight of the marijuana was testimonial hearsay generally barred by the Confrontation Clause, Holmes has not demonstrated that the admission of the testimony affected his substantial rights. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423. Holmes specifically has not demonstrated a reasonable probability that, but for the alleged error, the jury would not have found that the weight of the marijuana involved in the conspiracy exceeded 1,000 kilograms. *See United States v. Martinez–Rios,* 595 F.3d 581, 587 (5th Cir. 2010). He does not assert that the DEA agent's testimony was determinative of the jury's verdict or explain how examining the agents who initially weighed the marijuana seized from his co-conspirator would

have changed the outcome of the trial. Moreover, in light of the significant evidence supporting that the amount of marijuana involved in the conspiracy exceeded 1,000 kilograms, including independent evidence establishing that amount of marijuana seized from the co-conspirator (i.e., the factual basis in support of his guilty plea), Holmes has not shown that, absent the DEA agent's testimony, the jury would not have found that the amount of marijuana exceeded 1,000 kilograms. He therefore has not shown reversible plain error. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423; *Martinez–Rios,* 595 F.3d at 587

AFFIRMED.